UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KER YANG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00315-JMS-MKK |
| | ) | |
| T.J. WATSON, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus
And Directing Entry of Final Judgment**

Petitioner Ker Yang filed a petition for a writ of habeas corpus while incarcerated at the United States Penitentiary in Terre Haute, Indiana. He is currently serving a sentence imposed by the Western District of Wisconsin after pleading guilty to being a felon in possession of a firearm. He now seeks relief from his conviction under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). For the reasons explained below, Yang's § 2241 petition is **denied**.

**I. Factual and Procedural Background**

On December 13, 2013, officers investigating a check fraud scheme searched the residence where Yang lived. Yang was present at the time of the search and admitted that there was a shotgun in a locked gun case and opened the gun case for investigators. Yang and two other individuals were arrested on conspiracy to commit identity theft and conspiracy to commit forgery charges. Dkt. 15 (PSR ¶¶ 7-9).

On January 5, 2014, a grand jury in the Western District of Wisconsin returned a one-count indictment against Yang charging him with being a felon in possession of a firearm. *Id.* at ¶ 1. Section § 922(g)(1) of Title 18 of the United States Code makes it "unlawful for any person who

has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess "any firearm or ammunition." In 2014, Yang pled guilty. *United States v. Yang*, No. 3:14-cr-70 (W.D. Wis. 2014) (hereinafter "Crim. Dkt."), Crim. Dkt. 22.

The District Court for the Western District of Wisconsin determined Yang had three prior violent felony convictions for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e), and sentenced Yang to the statutory mandatory minimum term of 180 months' imprisonment. Crim. Dkt. 23. Yang's prior convictions included a 2002 assault in the second degree and assault in the second degree for benefit of a gang; 2003 assault in the third degree; and 2010 domestic assault. Dkt. 15 at ¶ 11.

Yang challenged his sentence on direct appeal; in a motion to vacate, set aside, or correct sentence pursuant to § 2255; and in a § 2241 petition—all without success. *See United States v. Yang,* 799 F.3d 750 (7th Cir. 2015) (direct appeal); *Yang v. United States*, 2018 WL 3148373 (W.D. Wis. June 27, 2018) (§ 2255 motion); *Yang v. United States,* 2:19-cv-535-JPH-MG (§ 2241 petition based on *Mathias*).[1]

In this § 2241 petition, Yang relies on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), to challenge his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

## II. Discussion

Yang alleges that he is entitled to relief because his indictment is invalid and he is actually innocent of violating § 922(g)(1). Dkt. 1 at 6-7. He asks the court to dismiss the indictment and vacate his sentence. *Id.* at 8.

---

[1] To the extent, Yang seeks relief under *Mathias,* those claims are dismissed because they were previously addressed in Case No. 2:19-cv-535-JPH-MG and are currently pending on appeal.

2

### A. Standard of Review

"Section 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Id.* Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). Section 2241 may not be used to relitigate "a contention that was actually resolved in a proceeding under § 2255, unless the law changed after the initial collateral review." *Roundtree*, 910 F.3d at 313.

Only under very limited circumstances may a petitioner employ § 2241 to challenge his federal conviction or sentence. *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). The Seventh Circuit has established a three-part test to determine whether a petitioner is entitled to relief under § 2255(e)'s so-called "savings clause." To invoke the § 2255(e) savings clause, a petitioner must establish:

> (1) that he relies on not a constitutional case, but a statutory-interpretation case, so that he could not have invoked it by means of a second or successive section 2255 motion, (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding; and (3) that the error is grave enough ... to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding, such as one resulting in a conviction for a crime of which he was innocent.

*Santiago v. Streeval*, 36 F.4th 700, 706 (7th Cir. 2022) (cleaned up).

### B. *Rehaif* Claims

In *Rehaif*, the Supreme Court held that: "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. In other words, under *Rehaif*, the United States' burden includes proving beyond a reasonable doubt that Yang knew, at the time of the offense, he had "been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1); *see also United States v. Maez*, 960 F.3d 949, 955 (7th Cir. 2020) (*Rehaif* made "doubly clear that § 922(g) requires knowledge of status, not knowledge of the § 922(g) prohibition itself.").

But to prevail on such a claim, Yang must satisfy the requirements of the § 2255(e) savings clause, which would be his only path to relief under § 2241. The United States has tentatively conceded that Yang meets the first two criteria of the savings clause: he relies on a new statutory case that applies retroactively. Dkt. 14 at p. 8 ("The balance of decisions … support the notion that *Rehaif* petition can conceivably pass through the initial saving clause questions."). At issue is the third element; that is, whether the error is grave enough to be deemed a miscarriage of justice.

The miscarriage of justice standard is "a significantly higher hurdle than would exist on direct appeal." *Santiago*, 36 F.4th at 708 ("A defendant's ability to win relief under *Rehaif* in a direct appeal does not necessarily show that he could also succeed in a *Rehaif*-based action for collateral relief under § 2255, let alone under § 2241, with its substantially higher burden."). To prevail, Yang must "show that the government's failure to prove knowledge of his felon status caused a miscarriage of justice because he was actually innocent of the felon-in-possession crimes." *Id.* at 706. "[T]o prove actual innocence, the petitioner must show 'that more likely than

not ... no reasonable juror would find him guilty beyond a reasonable doubt.'" *Id.* at 707 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)).

Yang has not met that burden. *Santiago*, 34 F.4th at 707.

### C. Knowledge of Status

Yang argues that the Government failed to prove that he knew he could not possess a firearm and thus his plea was not knowingly and intelligently made. Dkt. 2 at p. 5. But, as stated above, the Government need only prove "knowledge of status, not knowledge of the § 922(g) prohibition itself." *Maez*, 960 F.3d at 955. Yang offers no plausible basis to conclude that he did not know that at the time of the offense, he had been convicted of a crime punishable by imprisonment for a term exceeding one year. He argues that he was never notified that by pleading guilty in 2002 to assault in the second degree and assault in the second degree for benefit of a gang, that he would be barred from possessing a firearm. Dkt. 2 at p. 6.[2] But again, *Rehaif* does not impose such a requirement. Instead, the transcript from Yang's sentencing hearing on those 2002 charges—which Yang filed himself—reflect that he was sentenced to a total term of imprisonment of 48 months.[3] Dkt. 2-1 at 4, 6.

The United States argues that "[i]t defies credulity that someone who has served several years in prison for a variety of convictions did not know they were a felon." Dkt. 14 at 10. In support, the United States notes that the Presentence Investigation Report reflects that in 2002,

---

[2] In reply, Yang argues that had he known that his state court guilty pleas would result in him belonging to a category of person's barred from possessing a firearm, that he would not have pleaded guilty to the State charges and that he would have presented the jury with the transcripts of his state proceedings to the jury. Dkt. 18 at p. 2. Again, this argument is outside the scope of *Rehaif*'s holding. Yang was not entitled to notice that he was barred from possessing a firearm as a result of his state convictions. Instead, the government need only prove that he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year, § 922(g)(1). The government need only prove "knowledge of status, not knowledge of the § 922(g) prohibition itself." *Maez*, 960 F.3d at 955. No relief is warranted on this basis.
[3] *Minnesota v. Yang*, case numbers 02046492 and 02057484, in Hennepin County's Fourth Judicial District.

5

Yang pleaded guilty to two assaults and was sentenced to four years in prison. Dkt. 15, PSR ¶ 34. In 2003, Yang pleaded guilty and was sentenced to 16 months in prison. *Id.* ¶ 36. Finally, in 2010, Yang pleaded guilty to another assault and was sentenced to 365 days. *Id.* ¶ 37. As a result, Yang had to have known that he had been "convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," § 922(g)(1).

Under these circumstances, Yang has not shown, nor could he "show that the government's failure to prove knowledge of his felon status caused a miscarriage of justice because he was actually innocent of the felon-in-possession crimes." *Santiago*, 36 F.4th at 706 (applying § 2255 miscarriage of justice standard). Yang has not indicated that he could have presented evidence at trial that he did not know that he had served more than one year in prison as a result of a prior conviction. *See Greer v. United States*, 141 S. Ct. 2090, 2097, 210 L.Ed.2d 121 (2021) (a person who is a felon "ordinarily knows he is a felon," and "[t]hat simple truth is not lost upon juries.").

In reply, Yang argues that he is like the defendant in *United States v. Triggs,* 963 F.3d 710 (7th Cir. 2020) who was permitted to withdraw his guilty plea. But *Triggs* was decided on direct appeal and thus the defendant did not have to prove actual innocence. Not only is the legal standard inapposite to this case but, the facts are readily distinguishable. Triggs was found guilty of violating § 922(g)(9) which prohibits a person convicted of a "misdemeanor crime of domestic violence" from possessing firearms. On direct appeal, the Seventh Circuit permitted Triggs to withdraw his guilty plea reasoning:

> In contrast to some of the other categories of prohibited persons listed in § 922(g)—notably, felons—the statutory definition of "misdemeanor crime of domestic violence" is quite complicated, giving Triggs a plausible defense.

*Triggs*, 963 F.3d at 712. The Seventh Circuit went on to consider how Triggs' circumstances were different than those faced by Yang:

> Many prosecutions under § 922(g) involve violations of subsection (1), the felon-dispossession provision, which prohibits firearm possession by any person "who has been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year." Under this simple definition, a defendant will have difficulty establishing prejudice from a *Rehaif* error because the new knowledge element is quite easy to prove, especially when the defendant previously served more than a year in prison. *Id.* As we explained in *Williams*, a defendant who previously served more than a year in prison for a single conviction "cannot plausibly argue that he did not know his conviction had a maximum punishment exceeding a year." *Id.*

*Triggs*, 963 F.3d 710, 715 (7th Cir. 2020) (citing *United States v. Williams*, 946 F.3d 968, 971 (7th Cir. 2020)). Thus, *Triggs* does not advance Yang's claim for relief. If anything, *Triggs* articulates exactly why Yang's actual-innocence argument is implausible.

Finally, Yang states in his petition that his indictment is invalid because it omitted *Rehaif*'s knowledge-of-status element. Dkt. 1 at p. 6. However, the Seventh Circuit has concluded that an "incomplete indictment" is not a structural error requiring a remedy. *Maez*, 960 F.3d at 958; *see also United States v. Payne*, 964 F.3d 652, 657 (7th Cir. 2020) ("[O]mission of the *Rehaif* element is not a structural error."). Thus, no relief is warranted on this basis.

Because Yang cannot prove that the error he asserted was "grave enough to be deemed a miscarriage of justice," this claim does not fit within the savings clause and he is not entitled to relief on his *Rehaif* claim. *Santiago*, 36 F.4th at 705; *see also Delgado v. United States*, No. 20-CV-00931-JPG, 2022 WL 4291392, at *1 (S.D. Ill. Sept. 16, 2022) (applying *Santiago* miscarriage of justice standard to § 2255 petitioner who pleaded guilty to being a felon in possession of ammunition).

### III. Conclusion

As discussed above, Yang is not entitled to relief under § 2241 and his petition is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 900 (7th Cir. 2017).

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 3/2/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KER YANG
08810-090
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov